UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re | Chapter 7 |
|  | Case No. 14-30029-HJB |
| FRANK R. SAIA, |  |
| Debtor |  |

## MOTION FOR ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF PROPERTY OF THE ESTATE

To the Honorable Henry J. Boroff, Bankruptcy Judge:

Now comes Gary M. Weiner, Esq., Chapter 7 Trustee (the "Trustee") of the Estate of Frank R. Saia (the "Debtor"), by and through his counsel, Weiner Law Firm, P.C., and hereby moves, pursuant to 11 U.S.C. § 363(b) and (f) and Bankruptcy Rule 6004(c), for authority to sell, by private sale, certain real property belonging to the Estate and located at 560V Springfield Street, Wilbraham, Hampden County, Massachusetts, free and clear of all liens, encumbrances and claims of every kind and description, to Partnership Liquidity Investors, LLC of 46 9th Street, Huntington Beach, California or its nominee for the sum of $25,000.00. A corresponding Notice of Intended Private Sale of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Intended Sale") is attached as Exhibit "A" to this Motion. As grounds, therefore, the Trustee respectfully represents the following:

1. On January 13, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. On or about January 14, 2014, Gary M. Weiner, Esq. was appointed the Chapter 7 Trustee in this case and he continues to serve in that capacity.

3. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. § 157 (b)(2)(N).

Motion to Approve Sale
In re: Frank R. Saia
Page 2

4. Among the Debtor's assets is his interest in real property located at 560V Springfield Street, Wilbraham, Hampden County, Massachusetts (the "Property").

5. The Trustee seeks authority to sell the Property free and clear of all liens, encumbrances, claims, charges and administrative holds, including but not limited to any liens that may exist in favor of taxing authorities including the United States Department of the Treasury, Internal Revenue Service, and the Massachusetts Department of Revenue. The Trustee is aware of the existence of the following liens on the Property:

   A. A Writ of Attachment by RBS Citizens, N.A. ("Citizens") in the amount of $170,000.00, approved on October 31, 2013 and filed in the Hampden County Registry of Deeds on November 4, 2013 in Book 20087, Page 29.

   B. A Writ of Attachment by Paul J. Quinn ("Quinn") in the amount of $150,000.00, approved on October 17, 2013 and filed in the Hampden County Registry of Deeds on October 31, 2013 in Book 20081, page 447.

6. Upon information and belief there are unpaid real estate taxes on the property as of this date totaling $1,691.78.

7. The Trustee contacted both Citizens and Quinn and advised them of his intent to commence an adversary proceeding to avoid their respective attachments pursuant to 11 U.S.C. § 547, as both liens were obtained within ninety (90) days of the Debtor's petition date. Both Citizens and Quinn have agreed to voluntarily waive their attachments as to the Property.

8. In Schedule A of his bankruptcy petition, the Debtor listed the value of the Property at $45,000.00. The Town of Wilbraham assesses the value of the Property at $62,100.00.

Motion to Approve Sale
In re: Frank R. Saia
Page 3

9. On October 10, 2014, the Trustee filed a motion for authority to sell the Property by public sale, which this Court allowed on November 5, 2014.

10. The public auction was held on December 17, 2014, but there were no bidders and the Property did not sell.

11. The Trustee subsequently listed the Property for sale on www.marketassetsforsale.com, a service of the National Association of Bankruptcy Trustees (the "NABT").

12. On or about December 21, 2014, the Trustee received an offer to purchase the Property from Partnership Liquidity Investors, LLC (the "Purchaser") for the sum of $25,000.00. No other offers have been received.

13. Upon information and belief, the Purchaser has no connection with the Debtor and is not an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

14. The Trustee believes that a sale of the Property to the Purchaser is in the best interest of the Estate, as the public auction was unsuccessful and he has received no other offers to purchase the Property.

15. As set forth in the Notice of Intended Sale attached as Exhibit "A", the Trustee will solicit any cash offers for the Property in the amount of $26,250.00 or more which are accompanied by a deposit of at least $2,500.00.

16. The Trustee further requests authority to make distributions from the sale for ordinary closing costs and real estate taxes.

17. To the extent that the sale of the Property is for the benefit of creditors holding secured claims against the Property, payment of the fees and expenses relating to the sale of the Property is allowable from the proceeds of the sale, pursuant to 11 U.S.C. § 506(c).

Motion to Approve Sale
In re: Frank R. Saia
Page 4

18. Please take notice that any objections or counteroffers to this private sale must be filed with the Clerk of the United States Bankruptcy Court, United States Courthouse, 300 State Street, Suite 220, Springfield, MA 01105 within twenty-one (21) days hereof with copies to counsel to the Trustee, Gary M. Weiner, Esq., Weiner Law Firm, P.C., 95 State Street, Suite 918, Springfield, MA 01103 and to Jerome A. Fink, Partnership Liquidity Investors, LLC, 46 9th Street, Huntington Beach, CA 92648.

19. Any objections or counteroffers must state the name and docket of this case. Any objection must identify the party objecting to the proposed sale and must state the specific reasons for the objection. Any reasons not set forth therein may be deemed waived.

20. If no objection or counteroffer is timely filed, the sale may be approved without further notice or hearing.

21. In the event that an objection or counteroffer is timely filed, the Court will schedule a hearing on whether or not the intended sale should be approved. Any party filing an objection or counteroffer will be expected to appear at the hearing or have a representative appear on their behalf. At that hearing, the Court may take further action without further notice to parties in interest.

WHEREFORE, the Trustee, Gary M. Weiner, Esq., respectfully requests that this Court enter an Order:

1. Authorizing the Trustee's Motion for Order Authorizing and Approving Private Sale of Property of the Estate to Partnership Liquidity Investors, LLC or its nominee;

2. Authorizing the Trustee to execute such documents as are reasonably necessary to complete the sale;

3. Authorizing the Trustee to make distributions from the sale for ordinary closing costs and real estate taxes;

4. Declaring that any encumbrances shall attach to the proceeds of the sale (subject to any potential 11 U.S.C. § 506(c) claims of the Estate), to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law; and

5. Granting such other and further relief as this Court deems just and proper.

GARY M. WEINER, ESQ., Chapter 7 Trustee
Of the Estate of Frank R. Saia,
By his Counsel,

/s/Gary M. Weiner, Esq.
Gary M. Weiner, Esq. BBO #548341
Jennifer Butler, Esq. BBO #685152
WEINER LAW FIRM, P.C.
95 State Street, Suite 918
Springfield, MA 01103
Tel. No. (413) 732-6840
gweiner@weinerlegal.com
Date: December 30, 2014